TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    718) 762-1324
Fax:    (718) 762-1342
*Attorney for the Plaintiff, and*
*proposed FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
ZHONG FA QIN,
*on behalf of himself and others similarly situated*
                                        Plaintiff,

                v.
SENSATION NEO SHANGHAI CUISINE, INC.
        d/b/a Sensation Neo Shanghai Cuisine;
WEI CHUN GAO,
ZHONGXIA SHEN, and
"JOHN" ZHANG
                                        Defendants.
---------------------------------------------------------------x

Case No: 15-cv-6399

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION**

**COMPLAINT**

Plaintiff ZHONG FA QIN (hereafter referred to as "Plaintiff"), on behalf of himself and other similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine; WEI CHUN GAO, ZHONGXIA SHEN, and JOHN" ZHANG and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff, on behalf of himself as well as other similarly situated employees against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed

widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants refused to record all of the time that Plaintiff and similarly situated employed by Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

5. Plaintiff further alleges pursuant to New York Labor Law § 650 *et seq.* and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8. Plaintiff ZHONG FA QIN ("QIN") was employed by SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Shanghai Bistro and Garden located at 208 Grand Street, Brooklyn, NY 11211 as a non-tipped miscellaneous worker handling all aspects of restaurant work from September 1, 2012 to November 30, 2012 and food prep from December 1, 2012 to September 24, 2013.

## DEFENDANTS

*Corporate Defendant*

9. Defendant SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine was a domestic business corporation organized under the laws of the State of New York with a principal address at 208 Grand Street, Brooklyn, NY 11211 from August 26, 2011 to December 11, 2014.

10. Upon information and belief, SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine was a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

11. Upon information and belief SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine purchased and handled goods moved in interstate commerce.

12. At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine.

13. Upon personal knowledge of Plaintiff, Owner/ Operator Defendants, along with employees at SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine relocated to 292 Grand Street, New York, NY.

*Owner/ Operator Defendants*

14. Upon personal knowledge of Plaintiff, WEI CHUN GAO was in charge of all areas of the restaurant, including but not limited to the hiring and termination of kitchen workers and deliverymen, determining the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine.

15. Upon personal knowledge of Plaintiff, WEI CHUN GAO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine.

16. Upon personal knowledge of Plaintiff, ZHONGXIA SHEN was in charge of all areas of the restaurant, including but not limited to the hiring and termination of waiters, determining the shifts, rates of pay, work schedule (including work hours and work days), type of work

assigned, designated work load and employment policy at SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine.

17. SHEN additionally worked as a waiter at the restaurant, and answered phone calls, and was involved in the daily management of the front hall.

18. Upon personal knowledge of Plaintiff, ZHONGXIA SHEN acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine.

19. Upon personal knowledge of Plaintiff, "JOHN" ZHANG assisted WEI CHUN GAO and ZHONGXIA SHEN in the management of the restaurant, including but not limited to having the authority to determine the rates of pay, work schedule (including work hours and work days), type of work assigned, designated work load and employment policy at SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine.

20. ZHANG additionally worked as a waiter at the restaurant.

21. Upon personal knowledge of Plaintiff, "JOHN" ZHANG acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine.

22. Plaintiff have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## **STATEMENT OF FACTS**

23. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiff, and the Class.

24. At all relevant times, Plaintiff did not receive any tips for work performed on behalf of the restaurant.

25. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New York minimum wage for each hour worked.

26. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully overtime compensation of one and one half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

27. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

28. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

29. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

30. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice in English and in Chinese (Plaintiff' primary language) reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL §195(1).

31. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

32. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

*Plaintiff ZHONG FA QIN*

33. From on or about September 1, 2012 to September 24, 2013, Plaintiff ZHONG FA QIN was employed by Owner/Operator Defendant WEI CHUN GAO to work as a deliveryman for SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine located at 208 Grand Street, Brooklyn, NY 11211.

34. For the first three months of his employment with SENSATION NEO SHANGHAI CUISINE, INC. d/b/a Sensation Neo Shanghai Cuisine, Qin was an unclassified non-tipped worker who did all work as directed by Owner/ Operator defendants.

35. At all relevant times, Plaintiff's regular work schedule:

    a. ran from 11:30-23:30 for twelve (12) hours a day Monday through Thursday, with either Tuesday or Wednesday off, for three (3) weekdays and thirty six (36) hours a week; and

    b. ran from 11:30-01:00 (25:00) of the next day on Friday, Saturday and Sunday, for three (3) workdays and forty and a half (40.5) hours each week.

36. At all relevant times, Plaintiff worked around seventy six and a half (76.5) hours each week.

37. For the first three months of his employment, Plaintiff was paid a flat compensation of one thousand five hundred dollars ($1500) every month as a miscellaneous worker.

38. For the remainder of his employment, Plaintiff was paid a flat compensation of two

thousand dollars ($2000) every month as a food prep.

39. On September 24, 2013, Qin was afflicted with myocardial infarction, and needed to go to New York Hospital Queens to receive treatment.

40. The Owner/ Operator defendants reneged on their promise.

41. Further, Qin was owed one thousand two hundred and ninety dollars ($1290) from Wei Chun Gao for work performed.

42. Plaintiff was not given a fixed time for lunch or dinner. He had to eat his meals in less than twenty (20) minutes while on duty. If the restaurant needs him, his meal period ends and he goes back to work.

43. Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt deliverymen, servers, busboys, and kitchen staff who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## STATEMENT OF CLAIMS

### COUNT I.
### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set

forth herein.

46. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly situated collective action members, for some or all of the hours they worked.

47. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

48. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New York Labor Law—Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

49. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

50. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

51. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

52. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for hours worked.

53. An employer who fails to pay the minimum wage shall be liable, in addition to the amount

of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§190 *et seq.*, §§650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

### COUNT III.
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

56. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

57. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

58. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

59. The FLSA and supporting regulations required employers to notify employees of

employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

60. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

61. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT IV.**
**[Violation of New York Labor Law—Overtime Pay**
**Brought on behalf of Plaintiff and Rule 23 Class]**

62. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

63. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

64. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate.

65. Defendant' failure to pay Plaintiff his overtime pay violated the NYLL.

66. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V.
### [Violation of New York Labor Law—Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

69. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of Plaintiff and Rule 23 Class]

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL§ 162.

72. Defendants failed to provide meal periods required by NYLL §162 for every day that Plaintiff and the Rule 23 class work or worked.

73. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept

conspicuously posted in the main entrance of the establishment. No such permit is posted.

74. Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

### COUNT VII.
### [Violation of New York Labor Law—Record-Keeping Requirements Brought on behalf of Plaintiff and Rule 23 Class]

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

77. As a result of Defendants' unlawful conduct, Plaintiff have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

78. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff' labor.

79. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

### COUNT VIII.
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on behalf of Plaintiff and Rule 23 Class]

80. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

82. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

83. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

84. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT IX.
### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on behalf of Plaintiff and Rule 23 Class]

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

87. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after

each Plaintiff's payday.

88. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

### COUNT X.
### [Civil damages for fraudulent filing of IRS returns. Violations of 26 USC §7434 Brought on behalf of the Plaintiff]

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90. 26 USC §7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

91. Due to Defendants' violations of 26 USC §7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

### COUNT XI.
### [Civil damages for Deceptive Acts and Practices. Violations of New York General Business Law §349 Brought on behalf of the Plaintiff]

92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such

other person may bring a civil action for damages against the person so filing such a return.

94. Due to Defendants' violations of NY GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50), whichever is greater, or both such actions.

95. Plaintiff demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation (See Exhibit 5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective Plaintiff and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual

        Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)    A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)    An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)    An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiff and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)    Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

i)    Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)  An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)  The cost and disbursements of this action;

m)  An award of prejudgment and post-judgment fees;

n)  Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
November 8, 2015

>                                TROY LAW, PLLC
>                                *Attorney for the Plaintiff, and*
>                                *proposed FLSA Collective Plaintiffs*
>
>                                  /s/ John Troy
>                                John Troy (JT0481)
>                                41-25 Kissena Boulevard Suite 119
>                                Flushing, NY 11355
>                                Tel: (718) 762-1324
>                                Fax: (718) 762-1342
>                                Email: johntroy@troypllc.com