UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
ZHONG FA QIN, on behalf of himself
and others similarly situated,                    **NOT FOR PUBLICATION**

                    Plaintiff,                    **MEMORANDUM AND**
                                                  **ORDER ADOPTING**
                                                  **REPORT AND**
                                                  **RECOMMENDATION**

                                                  15-CV-6399 (KAM)

                    -against-



SENSATION NEO SHANGHAI
CUISINE, INC., WEI CHUN GAO,
ZHONGZIA SHEN, "JOHN" ZHANG,



                    Defendants.
------------------------------------x
**MATSUMOTO, United States District Judge:**

          Plaintiff Zhong Fa Qin brought this Motion for Default

Judgment ("Motion") against Defendants Sensation Neo Shanghai

Cuisine ("Corporate Defendant"), Wei Chun Gao ("Gao"), Zhongxia

Shen ("Shen"), and "John" Zhang ("Zhang"), on December 8, 2017

seeking damages under the Fair Labor Standards Act of 1938

("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law

("NYLL"), N.Y. Lab. Law §§ 650 *et seq.* (*See* Am. Compl., ECF.

17.)

          On August 9, 2018, Magistrate Judge Peggy Kuo issued a

Report and Recommendation granting Plaintiff's Motion for

Default Judgment. For the reasons stated below, the court

substantially adopts the R&R with modifications only as to the amount of attorneys' fees and amount of prejudgment interest awarded.

**LEGAL STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Where no objections are made, the court need only review for clear error on the face of the record. *See Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005).

**DISCUSSION**

The court assumes familiarity with the facts of the instant action as set forth thoroughly in Magistrate Judge Kuo's R&R. (*See* ECF No 50, R&R, at 1-3.)[1] The R&R recommends that default judgments be entered against defendants Sensation Neo Shanghai Cuisine, Wei Chun Gao, Zhongxia Shen, and John Zhang. (*Id.* at 1.) Additionally, the R&R recommends that plaintiff be awarded **$42,012.58** in damages comprised of: **$16,006.29** in unpaid minimum, overtime, and spread-of-hour wages; **$16,006.29** in

---

[1] Citations to page numbers refer to those numbers assignment by the Electronic Filing System ("ECF").

2

liquidated damages; and **$10,000** in statutory damages. (*Id*. at

10-16, 21.) The R&R also recommends that Plaintiff be awarded

**$11,521.10** in attorneys' fees and **$1,039.93** in costs, and

prejudgment interest of **$7836.80**, plus **$3.95** per day to the date

of judgment. (*Id*. at 16-21.)

Upon clear error review, the court substantially

adopts Judge Kuo's R&R with modifications as to the attorneys'

fees and costs award, and prejudgment interest. Without

modification, the court adopts the recommendation to grant

plaintiff's motion for default judgment with respect to

defendants Sensation Neo Shanghai Cuisine, Wei Chun Gao,

Zhongxia Shen, and John Zhang. (*Id.* at 1.) As to damages, the

court adopts without modification the recommendations regarding

statutory penalties for unpaid minimum wage, unpaid overtime,

and spread of hour wages, liquidated damages and statutory

damages. (*Id.* at 10-16.) Specifically, the court adopts

without modification the recommendation that plaintiff be

awarded **$16,006.29** in unpaid minimum, overtime, and spread-of-

hour wages; **$16,006.29** in liquidated damages; **$10,000** in

statutory damages; and **$1,039.93** in costs. (*Id.* at 10-16, 20.)

The court adopts, with modifications to the amounts,

the recommendations that plaintiff be awarded **$11,521.10** in

attorneys' fees, and prejudgment interest of **$7836.80**, plus

**$3.95** per day to the date of judgment. (*Id.* at 16-20.) Based

on the calculations set forth below, the court modifies the
amounts to be awarded.  The court employed the same method of
calculation as was correctly used in the R&R to calculate
prejudgment interest and attorneys' fees.  (*Id.* at 15-20).
Based on its independent calculations of attorneys' fees and
prejudgment interest, the court has reached a different result
than the R&R.

The court modifies the R&R's recommendations regarding
the final amount of prejudgment interest ordered.  The court
adopts and applies Judge Kuo's recommendation that prejudgment
interest be calculated at a rate of nine percent per annum from
March 15, 2013 to the date judgment is entered (*id.* at 21-22
(citing C.P.L.R. § 5004)), but modifies the recommended award of
interest to correct a mathematical error in the calculation of
interest from March 15, 2013 through the date of this decision.

Judge Kuo determined the award of prejudgment interest
by first calculating interest on the $16,006.29 in actual
damages awarded plaintiff on his unpaid minimum wage, overtime
pay and spread of hours claim at the statutory rate of 9% per
annum, which, rounded to the second decimal place is $3.95 per
day.  (*Id*. at 16.)  Judge Kuo determined that prejudgment
interest should be awarded from March 15, 2013, which represents
the midpoint between September 1, 2012, when plaintiff first was
employed by defendants and September 24, 2013, the final date of

4

plaintiff's employment with defendants. (*Id.* at 2, 20.) Judge

Kuo then multiplied $3.95 by the number of days from March 15,

2013 to the issuance of the R&R in accordance with the R&R.

Judge Kuo prescribed an additional $3.95 a day in interest until

the date of judgment. (*Id.* at 20.) Upon independent

recalculation of the prejudgment interest in accordance with the

formula set forth, the court finds a total award of prejudgment

interest of $8,018.50 is proper for the period from March 15,

2013 through the date of this decision.

Judge Kuo determined the award of attorney's fees by

first determining a reasonable hourly rate for the attorneys who

billed time on the instant case. Their hourly rates were

established as follows: $375 per hour for attorney John Troy,

$150 per hour for attorney George Kibum Byun, $150 per hour for

attorney Joseph Myers, $100 per hour for attorney Aaron

Schweitzer, $80 per hour for legal fellow Tracy Ann Ulett, $75

per hour for legal assistant Bella Yingchu Ho, $75 per hour for

intern Thomas Lindeman, and $70 per hour for office assistant

Bingyu Huang. After excluding hours it found excessive,

redundant and otherwise unnecessary, Judge Kuo found that

counsel billed the following number of hours: 23.63 hours of

compensable time for Troy; 0.5 hours for Myers; 5.31 hours for

Byun; 2.75 hours for Schweitzer; 3.47 hours for Ulett; 1.4 hours

for Lindeman; 1.17 hours for Ho; 0.63 hours for Huang; and an additional 14.27 hours at a paralegal rate of $70 an hour.

The court adopts the hourly rates for the attorneys and support staff as established by Judge Kuo as follows: $375 per hour for attorney John Troy, $150 per hour for attorney George Kibum Byun, $150 per hour for attorney Joseph Myers, $100 per hour for attorney Aaron Schweitzer, $80 per hour for legal fellow Tracy Ann Ulett, $75 per hour for legal assistant Bella Yingchu Ho, $75 per hour for intern Thomas Lindeman, and $70 per hour for office assistant Bingyu Huang. Upon independent recalculation of the number of hours billed by each attorney and support staff multiplied by the stated billable rates, in accordance with the formula set forth, the court finds an award of attorney's fees of $10,678.60 is proper. This represents billable hour payments in accordance with the rates established by Judge Kuo, allotted as follows: 22.05 hours of compensable time for Troy; 5.21 hours for Byun; 0.5 hours for Myers; 1.1 hours for Schweitzer; 3.47 hours for Ulett; 1.4 hours for Lindeman; 1.17 hours for Ho; 0.63 hours for Huang; and an additional 13.27 hours at a paralegal rate of $70 an hour. The hours included in the court's calculations are set forth in the following charts.

| John Troy hours billed at regular rate | | |
|---|---|---|
| **Date** | **Description** | **Hours** |
| 10-13-15 | Initial Telephone Conference with Plaintiff(s) | 0.30 |
| 10-17-15 | Draft Settlement Letter to Defendants | 0.60 |
| 10-17-15 | Meet with Client(s) - Intakes | 2.20 |
| 10-17-15 | Prepare and Sign Retainer with Client(s) - retainer | 0.90 |
| 10-18-15 | Case Timeline: State of Limitations, Plaintiff(s), and Corporate Defendant(s) | 0.50 |
| 10-18-15 | Cast Location Entry: Site Visit Preparation, Miles from Office | 0.50 |
| 11-03-15 | Draft the Complaint | 4.50 |
| 11-04-15 | Research: ABC Board on Liquor Licensese | 0.40 |
| 11-04-15 | Research: Lexis Nexis/Legal/Others?? | 1.30 |
| 11-04-15 | Research: Search Corp & Biz Entity Database | 0.50 |
| 11-04-15 | Draft Damages Calculation Chart | 1.40 |
| 11-04-15 | Research: DMV/Vehicle Plate Number?? | 0.40 |
| 11-07-15 | Meet with Client – Damages Calculations | 0.80 |
| 11-08-15 | Review the Complaint | 0.80 |
| 11-08-15 | Finalize the Complaint, Summons and Civil Cover Sheet USDC | 0.90 |
| 11-08-15 | Meet with clients to revise Complaint | 1.20 |
| 11-09-15 | Review Magistrate Judge Individual Practices | 0.50 |
| 11-09-15 | Review District Judge Individual Practices | 0.50 |
| 11-09-15 | Review the Court Notice with AP 85 Consent to a Magistrate Judge | 0.20 |
| 11-11-15 | Draft, Print and Mail Notice of Lawsuit and Request for Waiver of Service of Summons | 1.75 |
| 11-14-15 | Revise Damages Calculations Chart(s) | 0.20 |
| 06-09-16 | Draft and File Request for Certificate of Default | 0.40 |
| 12-09-16 | Draft Affirmation support Request for Default | 0.80 |
| 06-21-18 | Draft Notice of Voluntary Dismissal | 0.50 |
| **TOTAL** | | **22.05** |

| George Kibum Byun's hours billed at regular rate | | |
|---|---|---|
| **Date** | **Description** | **Hours** |
| 11-10-15 | Draft, Print and Mail Notice of Lawsuit and Request for Waiver of Service of Summons | 2.50 |
| 12-02-15 | Research on def ppt/business | 0.87 |
| 12-02-15 | Send service request on corp def Sensation Neo Shanghai to Alexander Poole | 0.42 |
| 12-02-15 | Prepare/Fax NYS COI | 0.42 |
| 12-07-15 | Draft POS | 1.00 |
| **TOTAL** | | **5.21** |

| Joseph Myers' hours billed at regular rate | | |
|---|---|---|
| **Date** | **Description** | **Hours** |
| 06-06-16 | Review Motion for Default Judgment | 0.50 |
| **TOTAL** | | **0.50** |

| Aaron Schweitzer's hours billed at regular rate | | |
|---|---|---|
| **Date** | **Description** | **Hours** |
| 04-25-17 | Draft Request for Certificate of Default | 0.20 |
| 04-25-17 | Review Judge's OTSC for Default | 0.10 |
| 04-25-17 | Draft affirmation support Request for Default | 0.80 |

| | | |
|---|---|---|
| | **TOTAL** | **1.10** |

| Tracy Ann Ulett's hours billed at regular rate | | |
|---|---|---|
| **Date** | **Description** | **Hours** |
| 10-26-16 | Confer with Court and File Corrected POS | 0.25 |
| 12-13-16 | Re-search: Lexis Nexis/Legal/Others | 1.30 |
| 12-14-16 | Amended Complaint | 1.00 |
| 12-14-16 | Summons | 0.17 |
| 12-14-16 | Discussed predisposition of case w/ lead attorney | 0.25 |
| 12-20-16 | Prepared Service | 0.25 |
| 01-11-17 | Reviewed Case | 0.25 |
| | **TOTAL** | **3.47** |

| Thomas Lindeman's hours billed at regular rate | | |
|---|---|---|
| **Date** | **Description** | **Hours** |
| 06-21-17 | Update request for default and related documents, file documents | 1.00 |
| 06-23-17 | Update and file clerk's default for the second time | 0.40 |
| | **TOTAL** | **1.40** |

| Bella Yingchu Ho's hours billed at regular rate | | |
|---|---|---|
| **Date** | **Description** | **Hours** |
| 05-04-17 | Download [20-20-5] | 0.42 |
| 07-25-17 | Revise Damages Calculation Chart(s) | 0.75 |
| | **TOTAL** | **1.17** |

| Bingyu Huang's hours billed at regular rate | | |
|---|---|---|
| **Date** | **Description** | **Hours** |
| 08-15-17 | Scan & Email proof of Service | 0.20 |
| 08-28-17 | Scan & Email Proof of Service | 0.43 |
| | **TOTAL** | **0.63** |

| Paralegal Hours | | |
|---|---|---|
| **Date** | **Description** | **Hours** |
| 10-17-15 | Set Up the Text Message, WeChat & Line | 1.40 |
| 10-18-15 | Create Binder, Set Up/Key in Database | 1.30 |
| 10-17-15 | File the Complaint, Summons & Civil Cover Sheet USDC | 3.50 |
| 11-10-15 | 2 copies AO399 Waiver of Service Form to each Def .4d | 1.60 |
| 11-11-15 | ECF Mail Notice of Lawsuit and Request for Waiver of Service of Summons | 0.50 |
| 12-09-15 | ECF Proof of Service | 0.40 |
| 12-09-15 | File POS | 0.67 |
| 12-10-15 | Re-draft POS | 0.50 |
| 12-10-15 | Re-file POS | 0.50 |
| 12-02-15 | Prepare Copies to Serve Summons and Complaint | 0.40 |
| 07-25-17 | UnAnswer Default Serve def CorpFax | 0.50 |
| 07-25-17 | UnAnswer Default Serve def D Email | 0.50 |
| 07-25-17 | UnAnswer Default Serve def D Address | 0.50 |
| 07-25-17 | UnAnswer Default Serve def CorpAddress | 0.50 |
| 07-25-17 | UnAnswer Default Serve def CorpEmail | 0.50 |
| | **TOTAL** | **13.27** |

The court adds its independently calculated award of attorney's fees of $10,678.60 to the award of $1,039.93 in costs. Accordingly the plaintiff is awarded $11,718.53 in attorneys' fees and costs.

## CONCLUSION

For the reasons stated in the R&R and above, plaintiff's motion for default judgment is granted with respect to defendants named herein. Plaintiff is awarded a total amount of $42,012.58 as follows: (1) $16,006.29 in unpaid minimum wage compensation, overtime and spread of hours compensation (2) $16,006.29 in liquidated damages; (3) $10,000 in statutory damages. Plaintiff is also awarded $11,718.53 in attorneys' fees and costs and prejudgment interest at a nine percent annual rate on the total compensatory damages, of $8,018.50 for the period from March 15, 2013 to the date of this decision.

The Clerk of Court is respectfully directed to enter judgment accordingly, close the case, mail *pro se* defendants a copy of this memorandum and judgment, and note service on the docket.

**SO ORDERED.**

Dated:     October 4, 2018
           Brooklyn, New York

                                            /s/
                              **Hon. Kiyo A. Matsumoto**
                              United States District Judge